26-cv-5047

ORIGINAL

RECEIVED
AUG 18 2026
PRO SE OFFICE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

ETHAN OVERTON EDWARDS,

Plaintiff,

v. Civil Action No.: ____________

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION (NCAA),

Merchant, J
Merkl, MJ

Defendant.

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF (JURY TRIAL DEMANDED)**

Plaintiff Ethan Overton Edwards, proceeding pro se, brings this civil antitrust action against Defendant National Collegiate Athletic Association ("NCAA") and alleges as follows:

## I. NATURE OF THE ACTION

1. This is a civil antitrust action challenging the NCAA's arbitrary and unlawful eligibility restraints under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.
2. Plaintiff first matriculated as a full-time, degree-seeking collegiate student-athlete in August 2022 (Fall 2022 semester) at Brandeis University, enrolling in a full academic course load of 16 credit hours.
3. Prior to Fall 2022, Plaintiff participated in the Myra Kraft Achievers Program (MKAP, formerly MKTYP) at Brandeis University during the 2021–2022 academic year. MKAP was a non-degree preparatory bridge program in which Plaintiff was restricted to developmental coursework and one university-accredited course per regular semester (Fall 2021: 4 credits; Spring 2022: 4 credits; Summer 2022: 4 credits earned). Under NCAA Bylaws, preparatory, non-degree, and part-time coursework does not trigger a student-athlete's collegiate eligibility clock.
4. Plaintiff competed in four athletic seasons of Men's Basketball between Fall 2022 and Spring 2026, graduating with a Bachelor of Arts from Brandeis University and a Master of Finance from Case Western Reserve University on May 16, 2026.
5. Under the nationwide preliminary injunction entered in *Wisne v. NCAA*, the NCAA is enjoined from excluding student-athletes whose initial full-time enrollment commenced in 2022 from receiving a fifth season of eligibility. However, Defendant NCAA's refusal to recognize eligibility for 2022 enrollees with prior Division III competition constitutes an arbitrary restraint of trade that suppresses Plaintiff's commercial marketability and chills his recruitment during active roster assembly.

## II. JURISDICTION AND VENUE

PRO SE OFFICE
'26 PM3:56

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. §§ 15 and 26.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 22 because Plaintiff resides in Kings County (Brooklyn), New York, and substantial anti-competitive effects and commercial trade injuries occur within this District.

**III. PARTIES**

8. Plaintiff Ethan Overton Edwards is a 23-year-old individual residing at 110 Cambridge Place, Apt 2A, Brooklyn, NY 11238. Plaintiff is an active collegiate Men's Basketball student-athlete listed in the official NCAA Transfer Portal under NCAA ID #1904494223.

9. Defendant NCAA is an unincorporated association organized under the laws of Indiana with its principal office at 700 W. Washington Street, Indianapolis, Indiana. The NCAA regulates and commercializes collegiate athletics nationwide.

**IV. RELEVANT ANTITRUST MARKETS**

10. The relevant geographic market is nationwide.

11. The relevant product and services markets include: (a) the market for elite collegiate athletic labor and competition in NCAA Men's Basketball; and (b) the commercial market for student-athlete Name, Image, and Likeness (NIL) licensing opportunities.

**V. FACTUAL ALLEGATIONS**

12. During the 2021–2022 academic year, Plaintiff participated in the Myra Kraft Achievers Program (MKAP) at Brandeis University. The program consisted of developmental bridge courses and restricted Plaintiff to part-time status (maximum of one accredited class/4 credits per regular semester). Plaintiff was never enrolled full-time (12+ credits) and did not participate in intercollegiate athletics during this period.

13. Under NCAA Bylaws, part-time and non-degree preparatory enrollment does not trigger the five-year collegiate eligibility window.

14. Plaintiff's initial full-time collegiate matriculation occurred in August 2022 (Fall 2022) at Brandeis University (16 credits).

15. Plaintiff competed for three seasons at Brandeis University (2022–2025) and completed a fourth season as a graduate student at Case Western Reserve University (2025–2026), graduating on May 16, 2026.

16. On April 7, 2026, Plaintiff timely entered the NCAA Transfer Portal during the designated transfer window (NCAA ID #1904494223).

17. In *Wisne v. NCAA*, the court held that denying a fifth year of eligibility to student-athletes who first matriculated full-time in 2022 violates Section 1 of the Sherman Act. Plaintiff is a member of the 2022 entering cohort.

18. Defendant NCAA's refusal to recognize eligibility for 2022 enrollees who competed in Division III constitutes an arbitrary horizontal restraint lacking pro-competitive justification, freezing Plaintiff's recruitment during active roster finalization.

**VI. CAUSE OF ACTION: VIOLATION OF SECTION 1 OF THE SHERMAN ACT (15 U.S.C. § 1)**

19. Plaintiff incorporates paragraphs 1 through 18 as if fully set forth herein.

20. Defendant NCAA and its member institutions constitute a horizontal combination of commercial market actors.

21. The NCAA's eligibility restrictions artificially limit student-athlete labor, suppress market compensation and NIL opportunities, and constitute an unreasonable restraint of trade under the rule of reason and *NCAA v. Alston*, 141 S. Ct. 2141 (2021).

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue an immediate Temporary Restraining Order and Preliminary Injunction enjoining Defendant NCAA from deeming Plaintiff ineligible to compete in intercollegiate athletics for the 2026–2027 academic year;

B. Enjoin Defendant NCAA from enforcing any rule, penalty, or restitution (including NCAA Bylaw 12.11.4.2) against any institution that recruits, rosters, awards athletic aid to, or allows Plaintiff to compete during the 2026–2027 academic year;

C. Waive any bond requirement pursuant to Fed. R. Civ. P. 65(c);

D. Enter a declaratory judgment confirming Plaintiff's eligibility for the 2026–2027 season; and

E. Grant such other and further relief as the Court deems just and proper.

Dated: August 18, 2026

Brooklyn, New York

Respectfully submitted,

Ethan Edwards

Ethan Overton Edwards, Plaintiff Pro Se

110 Cambridge Place, Apt 2A

Brooklyn, NY 11238

Tel: (718) 869-6787

Email: Edwardsethan731@gmail.com

**VERIFICATION**

I, Ethan Overton Edwards, declare under penalty of perjury under the laws of the United States of America that the foregoing factual statements in this Verified Complaint are true and correct.

Executed on August 18, 2026.

Ethan Overton Edwards

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District Of New York

| | |
|---|---|
| Ethan Overton Edwards<br>*Plaintiff(s)*<br>v.<br>National Collegiate Athletic Association (NCAA)<br>*Defendant(s)* | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* National Collegiate Athletic Association (NCAA)
700 W. Washington Street
Indianapolis, IN 46204

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Ethan Overton Edwards, plaintiff Pro Se
110 Cambridge Place, Apt 2A (718) 869-6787
Brooklyn, NY 11238

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 08/18/2026

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Ethan Overton Edwards

**DEFENDANTS** National Collegiate Athletic Association (NCAA)

**(b)** County of Residence of First Listed Plaintiff Kings County (Brooklyn)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Marion County, Indiana
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ethan Overton Edwards, Plaintiff Pro Se
110 Cambridge Place, Apt 2A, Brooklyn, NY, 11238
(718)-869-6187

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☒ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***: 15 U.S.C. § 1
Brief description of cause: Antitrust challenge to NCAA eligibility rules restraining collegiate student-athlete mobility.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE ____________ DOCKET NUMBER ____________

DATE 08/18/2026
SIGNATURE OF ATTORNEY OF RECORD Ethan [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________